IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOUSE OF BRIDES, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Removed from the Circuit |
| DESSY MARKETING & DISTRIBUTION, INC., | ) | Court of Cook County, |
| | ) | Illinois (12 CH 38284) |
| Defendant/Counterclaimant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Dessy Marketing & Distribution, Inc. ("Dessy"), hereby files its Notice of Removal of this cause to the United States District Court for the Northern District of Illinois from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §1441, §1446 and §1332. In support, Defendant states as follows:

**Summary of Basis for Removal**

For diversity jurisdiction purposes, "[a] corporation is considered a citizen of its state of incorporation and the state where it has its principal place of business." *Wojan v. General Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988), citing 28 U.S.C. §1332(c). Plaintiff, House of Brides, Inc. ("HOB"), is an Illinois corporation with its principal place of business in Illinois. Defendant Dessy is a corporation duly organized pursuant to the laws of the state of New York, with a principal place of business located in New York, New York. Complete diversity exists, the amount in controversy exceeds the jurisdictional amount, and this Court is the district court of the United States for the district and division within which the *House of Brides, Inc.*

*v. Dessy Marketing & Distribution, Inc.* action was pending. Accordingly, removal of this action to this United States District Court is proper.

## Facts Supporting Removal

1. On October 12, 2012, HOB, filed an action in the Circuit Court of Cook County, County Department, Chancery Division, entitled *House of Brides, Inc. v. Dessy Marketing & Distribution, Inc.*, case number 12-CH-38284. Attached as Exhibit A is a true and accurate copy of HOB's Complaint.

2. Dessy's Answer, Affirmative Defenses and Counterclaims have been filed simultaneous with removal in federal court. A true and accurate copy of Dessy's Answer, Affirmative Defenses and Counterclaims is attached hereto as Exhibit B.

3. Dessy now files this Notice of Removal and asserts that the United States District Court for the Northern District of Illinois has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, and that this action is one which may be removed pursuant to 28 U.S.C. §1441, in that the parties are citizens of different states and the amount in controversy, upon information and belief, exceeds the sum of $75,000, exclusive of interest and costs. Further, HOB's complaint included a claim for a declaration of rights under 15 U.S.C. § 1125, giving the Court jurisdiction under 28 U.S.C. § 1331.

4. In addition, this Court also has subject matter jurisdiction over Dessy's Counterclaims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and 28 U.S.C. § 1367(a), because each Counterclaim either arises under the laws of the

United States, or is properly before the Court pursuant to the Court's supplemental jurisdiction over related state law claims.

5. Plaintiff, HOB, is an Illinois corporation with its principal place of business in Illinois. Defendant, Dessy, is a corporation duly organized pursuant to the laws of the state of New York, with a principal place of business located in New York, New York. Therefore, there is diversity as all of the parties are citizens of different states.

6. In HOB's complaint, plaintiff prays for judgment against Dessy for "damages in excess of $50,000, plus a declaration that it has not violated HOB's intellectual property rights, plus punitive damages, attorneys' fees, costs and for such further relief as this Honorable Court deems just and proper." (Ex. A, p. 12.) In Dessy's Counterclaims, Dessy prays for judgment against HOB in excess of $296,000. (Ex. B, p. 25.) Therefore, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446.

8. Dessy is contemporaneously serving written notice of the filing of this Notice of Removal to the parties and the Clerk of the Cook County Circuit Court, Chancery Division, pursuant to 28 U.S.C. § 1446(d).

9. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Dessy are attached hereto as Exhibit A.

WHEREFORE, Defendant/Counterclaimant, Dessy Marketing & Distribution, Inc., respectfully removes this action from the Circuit Court of Cook

County, Illinois, Chancery Division, case number 12-CH-38284, to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:  November 8, 2012

                Respectfully submitted,

                DESSY MARKETING & DISTRIBUTION, INC.

                By:_____/s/Carmen D. Caruso_____
                        One of its attorneys (#6189462)

Attorneys for Defendant/Counterclaimant
Dessy Marketing and Distribution, Inc.:

| Carmen D. Caruso-cdc@cdcaruso.com<br>Jamie L. North- jln@cdcaruso.com<br>Sarah J. Isaacson (Of Counsel) –<br>sji@cdcaruso.com<br><br>CARMEN D. CARUSO LAW FIRM<br>77 West Wacker Drive<br>Suite 4800<br>Chicago, IL 60601<br>(T) (312) 606-8640<br>(F) 312-276-8646 | Richard A. Solomon, Esq.<br>Law Office of Richard A. Solomon<br>11502 Overbrook Lane<br>Houston, Texas 77077<br>(T) (281) 584-0519<br>franchiseremedies@sbcglobal.net<br><br>*Admission Pro Hac Vice Pending* |

## **CERTIFICATE OF SERVICE**

I, Carmen D. Caruso, certify that I caused a true and correct copy of the foregoing Notice of Removal to be served upon the following via U.S. mail on November 8, 2012.

James K. Borcia
Ryan Taylor
Tressler LLP
233 S. Wacker Drive
Suite 2200
Chicago, IL 60601

/s/     Carmen D. Caruso